UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| CHRISTOPHER FRANCOIS LIVING TRUST | CASE NO. 2:22-CV-02093 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| GREAT LAKES INSURANCE S E | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 16] filed by defendant Great Lakes Insurance SE, seeking a ruling on various policy issues in this Hurricane Laura suit. Plaintiff opposes the motion. Doc. 18.

## I.
### BACKGROUND

This suit arises from damage allegedly inflicted by Hurricane Laura and Hurricane Delta to commercial property owned by plaintiff at three premises in Southwest Louisiana. At all relevant times the locations were insured under a policy issued by Great Lakes, providing *inter alia* property coverage. Doc. 16, att. 4, pp. 3–99. Plaintiff made a claim after Hurricane Laura struck on August 27, 2020, and independent adjuster Capstone ISG investigated the claim on behalf of Great Lakes. After an inspection on September 8, 2020, Capstone completed an estimate and Great Lakes issued payment for the net claim amount of $54,935.64 on October 17. *Id.* at 100–04. Capstone also advised plaintiff that Great Lakes had determined that the damages were limited by certain exclusions, including one for mold. *Id.* at 100–01.

On October 13, 2020, plaintiff submitted a claim for damages arising from Hurricane Delta. *Id.* at 153–54. Great Lakes investigated the claim through third-party administrator Crawford & Company, which assigned the matter to adjuster Billy Haley. Haley inspected the property on November 23, 2020, and issued a report two days later. *Id.* at 155–86. Based on this adjustment Great Lakes issued payment for the net claim amount of $33,100.78 on December 11, 2020. *Id.* at 188. Plaintiff made a supplemental claim based on Hurricane Laura damages to Premises 1, and Haley reinspected the property on March 23, 2021. *Id.* at 189–92. Based on this inspection and additional damage found therein Great Lakes issued payment of $7,252.42. *Id.* at 215.

Plaintiff filed suit on July 14, 2022, raising claims for breach of insurance contract and bad faith. Doc. 1. The matter is set for bench trial before the undersigned on November 2, 2023. Doc. 10. Great Lakes now moves for partial summary judgment on the following issues:

1. Plaintiff is not entitled to recover additional amounts for completed repairs.
2. Plaintiff has no coverage for other structures or business interruption.
3. Costs for tree removal and mold remediation are not covered.
4. Plaintiff may not recover contractual damages in excess of the policy limits.

Doc. 16. Plaintiff opposes the motion. Doc. 18.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

# III.
# LAW & APPLICATION

## A. Governing Law

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

## B. Application

### 1. Liability for completed repairs

Great Lakes first seeks summary judgment to the effect that it is not liable for any further damages on the contract claims for completed repairs. Under Louisiana law, a plaintiff must support the best evidence in support of his claim. *Volkswagen of Am., Inc. v. Robertson*, 713 F.2d 1151, 1169 (5th Cir. 1983). "Damages may be predicated on estimation only when the loss has not been repaired. If the damaged property has been

restored to its former condition by repair, the proper basis for assessing the damage is the repair bill." *Id.* (quoting *Lambert v. Allstate Ins. Co.*, 195 So.2d 698, 700 (La. Ct. App. 1st Cir. 1967)).

Plaintiff has produced receipts showing that it incurred costs of $6,880.00 to remove and replace the roof on Premises 1; $5,654.00 to remove and replace the roof on Premises 2; and $4,200.00 to remove and replace the roof at Premises 3. Doc. 16, att. 5, pp. 113–16. Plaintiff has also provided documentation showing that it incurred $31,490.12 to repair damages to Premises 2 arising from Hurricanes Laura and/or Delta. Doc. 16, att. 4, pp. 231–33. There is no dispute that Great Lakes reimbursed plaintiff for these costs. Plaintiff maintains, however, that questions of fact exist as to the completion of other repairs. Specifically, it points to estimates prepared by its adjuster showing interior damage and a declaration from property manager/trustee Cheryl Derouen, who described this damage and stated that it had not been repaired due to insufficient funds. Doc. 16, att. 5, pp. 89–112 (ICC estimate); doc. 18, att. 1 (Derouen declaration). On this evidence the court agrees that issues of fact remain as to the completion status of repairs. Plaintiff may support its claim as to the quantum for any repairs it shows to be incomplete with estimates, though it is limited to the actual costs as reflected in invoices and receipts for completed work. Accordingly, summary judgment will be denied on this issue.

### 2. Lost rent and other structures

Great Lakes next argues that plaintiff cannot recover for lost rent or damages to other structures because neither category of coverage is not offered under the policy. In response plaintiff clarifies that it is seeking recovery of lost rent as a consequential damage

under Louisiana Revised Statute 22:1973. Upon review of the policy, the court agrees that there is no coverage for business interruption or other structures. Accordingly, summary judgment will be granted to the extent that Great Lakes is not liable under the policy for these losses. This ruling has no impact, however, on plaintiff's ability to pursue lost rent as a measure of consequential damages on a bad faith claim.

### 3. Tree removal and mold

Great Lakes also moves for summary judgment on the existence of coverage for tree removal and mold remediation. To this end it points out that the policy limits coverage for tree removal to certain causes of loss, namely fire, lightning, explosion, riot or civil commotion, and aircraft. *See* doc. 16, att. 4, p. 29. The policy also contains an exclusion for "loss or damage **caused by or resulting from** 'fungus,' wet rot, dry rot, or bacteria." *Id.* at 58 (emphasis added). "Fungus" is defined under the policy as "any type or form of fungus, including mold or mildew, and any mycotoxins, spores, scents or by-products produced or released by fungi." *Id.* at 37.

Plaintiff offers no response on tree removal coverage but argues that the exclusion cited above does not justify excluding coverage for mold resulting from a covered cause of loss. Doc. 18. Namely, it argues that there is a distinction between mold as a cause of loss and mold as a result of a covered cause of loss. To this end it points to the Louisiana Fourth Circuit Court of Appeal's decision in *Orleans Parish School Board v. Lexington Insurance Company*, 123 So.3d 787 (La. Ct. App. 4th Cir.), *writ denied*, 122 So.3d 546 (La. 2013). There the court also considered clauses excluding damage "caused by" mold and stated:

> Although they could, none of the policies simply say: we do not pay for mold, or, we do not pay for damages "consisting of" mold. Rather, they include modifying language such as "caused by" and "arising out of" that change what would otherwise be a broad exclusion against coverage for mold, to exclusions eliminating damages arising as a result of the presence of mold. Because of the nature of these modifiers, we agree with our brethren courts that there is a distinction between mold as a loss and mold as a cause of the loss that must be recognized.

*Id.* at 796. Accordingly, it held that the policies only excluded "consequential damages that occurred as a direct result of the presence of the mold" rather than mold itself resulting from a covered cause of loss. *Id.* at 804–05. It recognized, however, that the "practical implication" of this reading "is that a factual determination must be made regarding whether the damages ultimately suffered by an insured are attributed to an initially covered loss, or whether the damages are more properly attributed to the presence of mold." *Id.* at 803. Since that time, other courts have agreed that an exclusion for damage "caused by" mold does not necessarily exclude all mold damage resulting from a covered cause of loss and instead presents a factual question on the nature of the damage. *E.g.*, *Hayes v. Southern Fidelity Ins. Co.*, 2014 WL 5305683 (E.D. La. Oct. 15, 2014); *CRU Shreveport LLC v. United Nat'l Ins. Co.*, No. 5:20-cv-151, at doc. 115 (W.D. La. Sep. 23, 2022).

Plaintiff has submitted Mold and Moisture Assessments prepared by Booth Environmental, describing "Abnormal and technically elevated levels of airborne mold spores, visual mold growth, elevated levels of airborne mycelial fragments, elevated moisture, and moisture-related damage" at the three premises as a result of the hurricane damage. *E.g.*, doc. 18, att. 4, p. 8. As a practical matter, the court is skeptical that plaintiff could show that any specific mold remediation costs were targeted towards something

other than "damages caused by mold." *Accord DeFelice v. Fed. Nat'l Ins. Co.*, 344 So.3d 797, 806–07 (La. Ct. App. 5th Cir. 2022) ("If we accepted plaintiffs' interpretation that all mold damages are recoverable when a covered peril causes the mold, the mold exclusion and endorsement would be rendered meaningless."). Such costs could still be recovered as consequential damages, however, if plaintiff shows that a delay in payment by Great Lakes caused or exacerbated the mold damage. Additionally, plaintiff may be able to segregate the work needed to address "elevated moisture, and moisture related damage," which is not subject to any exclusion. Accordingly, summary judgment will be granted on tree removal coverage but denied on mold coverage.

    4. **Contractual damages exceeding policy limits**

Finally, Great Lakes asks the court for a determination that plaintiff is not entitled to contractual damages exceeding the policy limits. In response plaintiff fails to identify any basis for expanding **contractual** limits, such as excess coverage, and instead points to its pursuit of extra-contractual damages under Louisiana's bad faith statutes. Upon review of the policy, the court can find no basis for expanding coverage under the contract beyond the limits set forth therein. Accordingly, summary judgment will be granted on this issue. The court's determination has no impact on plaintiff's ability to pursue extracontractual damages.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 16] will be **GRANTED IN PART** and **DENIED IN PART**.

**THUS DONE AND SIGNED** in Chambers on the 26th day of September, 2023.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**